**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

N'Daya Lee, individually and as the Administratrix of the Estate of Diane Parker-Reed,

Plaintiff,

-against-

Incorporated Village of Hempstead, County of Nassau, Sgt. Kevin Galvin, Claudia Serrano, Lt. Patrick Cooke, Sgt. John Zoll, Lt. Edward Hayman, P.O. Vito Buccellato, P.O. Christopher N. Cohen, Sgt. Ivory G. Dixon, P.O. Jack Guevrekian, P.O. Edward P. Mulhearn, P.O. Roman Pettway, Jr., P.O. Frane Reado, P.O. Leroy D. Ridley, Det. Donald J. Bittner, Deputy Sheriff John M. Flanagan, John and Jane Does 1-10, and  John and Jane Does  11-20,

Defendants.

**PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES AND DOCUMENT DEMANDS TO COUNTY OF NASSAU**

**Docket No.: 14-CV- 2853**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, defendants County of Nassau, Det. Donald J. Bittner, and Deputy Sheriff John M. Flanagan ("County Defendants") shall answer, under oath, the following interrogatories, and produce copies of the following documents, within thirty (30) days of the service of this discovery request, at the office of LaSasso Law Group PLLC, 80 Maiden Lane, Suite 2205, New York, NY 10038.

**DEFINITIONS AND INSTRUCTIONS**

1.      The provisions of Local Rules 26.2, 26.3, 33.1, 33.3 relating to claims of privilege, uniform definitions, references to records, and interrogatories apply to and are incorporated by reference. Documents produced shall be Bates-stamped or otherwise numbered sequentially.

2.      The answers to these interrogatories shall be promptly supplemented and amended as required by Rule 26(e) of the Federal Rules of Civil Procedure.

3.	In the event that an answer to any interrogatory is made by reference to records from which the answer may be derived or ascertained, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, provide the information required by Local Rule 33.1 and make the documents or ESI referred to available for inspection and copying within fourteen (14) days after the service of answers to these interrogatories as required by Local Rule 33.1(d).

4.	"HPD" means Hempstead Village Police Department.  Demands referencing the HPD include HPD officers and civilian employees whether acting in their official or unofficial capacities.

5.	"NCPD" means Nassau County Police Department.  Demands referencing the NCPD include NCPD officers and civilian employees whether acting in their official or unofficial capacities.

6.	"Incident Dates" means April 17, 2011, July 15, 2011, November 6, 2012, November 8, 2012, November 9, 2012, December 28, 2012, January 4, 2013, January 29, 2013, January 30, 2013, January 31, 2013, February 1, 2013, February 2, 2013, February 3, 2013, February 4, 2013, February, 5, 2013, February 6, 2013, February 7, 2013 and all other dates upon which HPD or NCPD responded to 25 Roosevelt or complaints of domestic violence regarding Leonard Reed.

## **INTERROGATORIES**

Interrogatory No. 1

Identify NCPD's records management, investigation, and dispatch systems and software.

Interrogatory No. 2

For each fiscal year from 2008 through 2014 inclusive, identify all budget items, programs, or other funds delegated for domestic violence awareness, training and enforcement programs along with the source of funds. This request includes funding for specialized domestic violence units and personnel.

<u>Interrogatory No. 3</u>

Identify all NCPD and County personnel responsible for the creation and implementation of domestic violence policies from 2008 to present including the position, function, and dates of involvement of each individual identified.

<u>Interrogatory No. 4</u>

At all times from 2008 to present, identify the persons and/or departments responsible for coordinating the response to domestic violence situations by the NCPD and HPD.

<u>Interrogatory No. 5</u>

Identify the headquarter services or comparable agreements, documents, and/or policies governing the relationship between the Village of Hempstead and County of Nassau for the provision of police, ambulance, detective, investigative, ESU/BSO/SWAT, K-9 and related services that were in effect on the Incident Dates and during any subsequent investigation related to the events on the Incident Dates.

<u>Interrogatory No. 6</u>

For each case referred to the NCPD detective squads between January 1, 2008 and December 31, 2013 which is classified or fairly construed as related to a domestic incident/domestic violence, identify the following:
   a) Classification;
   b) Ranking;
   c) Reported As;
   d) Time Reported;
   e) Reported How;
   f) Injuries;
   g) Weapons;
   h) Scene (municipality only);
   i) Assigned to;
   j) Cleared (date and result);
   k) Victim race:
   l) Victim gender;
   m) Suspect race;
   n) Suspect gender;
   o) Was a Domestic Incident Report prepared;
   p) Date weapon was confiscated or response that it was not;
   q) Referring department or precinct;
   r) Number of man hours devoted to Case from report to clearance.

<u>Interrogatory No. 7</u>

Identify all steps taken by the NCPD related to the investigation and apprehension of Leonard Reed from November 6, 2013 to February 7, 2013, prior to his apprehension at February 7, 2013 following the death of Diane Parker.

<u>Interrogatory No. 8</u>

Identify all HPD personnel with whom NCPD personnel discussed the domestic violence situation regarding Diane Parker, N'Daya Lee, and Leonard Reed from April 1, 2007 to February 7, 2013 and by what means of communication.

<u>Interrogatory No. 9</u>

Identify all internal affairs or internal review board investigations, from 2009 to present, regarding the handling domestic violence situations.

## **<u>DOCUMENT DEMANDS</u>**

<u>Document Demand No. 1</u>

All documents identified or referenced in answering Plaintiff's interrogatories.

<u>Document Demand No. 2</u>

All documents relied upon in answering Plaintiff's interrogatories.

<u>Document Demand No. 3</u>

Copies of all departmental guidelines, minimum training/qualification standards, policies and procedures, hand book sections, operating protocols, standing orders, and similar documents, regardless of name, in effect for operators, dispatchers, officers, supervisors, and civilian employees on all Incident Dates and during any subsequent investigation related to the events on the Incident Dates regarding:
   a) hostage/barricade incidents;
   b) use of force;
   c) domestic violence;
   d) investigating domestic violence matters;
   e) coordinating incident responses, investigations, warrants, and arrests for domestic violence matters referred by the HPD.

<u>Document Demand No. 4</u>

Produce all domestic violence policy statements and accompanying procedures/protocols for identifying, documenting, assessing, and responding to domestic violence.

Document Demand No. 5

All domestic violence training manuals, pamphlets, training materials, lesson plans and other manuals provided for or used in the training of HPD officers, supervisors, and civilian employees.

Document Demand No. 6

Produce all applications submitted in connection with obtaining and maintaining grant or other monies for domestic violence awareness, training, or enforcement in fiscal years 2008 through 2014 inclusive.

Document Demand No. 7

Produce all reports and documentation submitted in connection with grants or other monies obtained for domestic violence awareness, training, or enforcement in fiscal years 2008 through 2014 inclusive.

Document Demand No. 8

Produce records of all communications between NCPD and Nassau County Coalition of Domestic Violence regarding Diane Parker Reed, N'Daya Lee and/or Leonard Reed.

Document Demand No. 9

For all NCPD Third Squad Detectives and supervisory personnel between April 1, 2011 and February 7, 2013, produce their training records with respect to domestic violence.

Document Demand No. 10

All audio communications for all channels and all frequencies, both public and private, the original digital files/recordings, analog recordings, written transcripts of any recordings, between and among the Hempstead Police Department ("HPD"), Nassau County Police Department ("NCPD"), their officers, supervisors, dispatchers, emergency medical personnel, headquarters, etc. which are recorded related to Leonard Reed, Diane Parker-Reed, N'Daya Lee, Shetia Preston, Yohanna Paulito, and/or 25 Roosevelt Street on the Incident Dates and during any subsequent investigation related to the events on the Incident Dates. This includes but is not limited to:
   a) sprint tape or event chronology (or HPD/NCPD equivalent);
   b) sprint reports or event chronology event search (or HPD/NCPD equivalent);
   c) all incoming and outgoing police radio communications;
   d) command communications between all officers;
   e) dispatch recordings;
   f) police radio runs;
   g) radio to radio communications;
   h) communications between HPD and NCPD/911 operators;

i) communications between HPD and/or NCPD and emergency medical personnel; and

j) communications between and among HPD officers and their supervisors, dispatcher, and/or any NCPD officer, unit, or dispatcher including any correspondence with NCPD detective division regarding efforts, if any, to apprehend Leonard Reed between November 6, 2012 and February 7, 2013.

## Document Demand No. 11

All records identifying the location and time logs (including on-duty, off-duty, incident on scene and clearance, and break times) for all officers responding to incidents related to Leonard Reed, Diane Parker-Reed, N'Daya Lee, Shetia Preston, Yohanna Paulito, and/or 25 Roosevelt Street on the Incident Dates and during any subsequent investigation related to the events on the Incident Dates. This request includes but is not limited to:
a) time sheets;
b) logbooks;
c) memo books;
d) communication records and call logs;
e) post/car and sector assignments;
f) blotter reports;
g) GPS/electronic tracking;

## Document Demand No. 12

All cell phone and text records between and among HPD personnel and NCPD Detectives related to Leonard Reed, Diane Parker-Reed, N'Daya Lee, Shetia Preston, Yohanna Paulito, and/or 25 Roosevelt Street on the Incident Dates and during any subsequent investigation related to the events on the Incident Dates and during any subsequent investigation related to the events on the Incident Dates.

## Document Demand No. 13

All car-to-dispatch and car-to-car messages related to Leonard Reed, Diane Parker-Reed, N'Daya Lee, Shetia Preston, Yohanna Paulito, and/or 25 Roosevelt Street on the Incident Dates and during any subsequent investigation related to the events on the Incident Dates.

## Document Demand No. 14

Records of all name, vehicle, property, warrant, and order of protection searches run by officers responding to incidents related to Leonard Reed, Diane Parker-Reed, N'Daya Lee, Shetia Preston, Yohanna Paulito, and/or 25 Roosevelt Street on the Incident Dates and during any subsequent investigation related to the events on the Incident Dates.

## Document Demand No. 15

Police reports including but not limited to case reports, incident reports, E911 records, domestic incident reports, crime victim reports, statements, aided reports and all other records

and documents generated related to Leonard Reed, Diane Parker-Reed, N'Daya Lee, Shetia Preston, Yohanna Paulito, and/or 25 Roosevelt Street on the Incident Dates and during any subsequent investigation related to the events on the Incident Dates.

Document Demand No. 16

Police reports including but not limited to case reports, incident reports, E911 records, domestic incident reports, crime victim reports, statements, aided reports and all other records and documents regarding Leonard Reed.

Document Demand No. 17

Domestic Incident Reports in which current or former HPD officers are named as the Suspect including Brian Jones and Willie Fowlkes.

Document Demand No. 18

E911 records indicating calls from Aurelia Natalie Flores a/k/a Natalie Flores from 2005 to 2013.

Document Demand No. 19

For 2008 through 2013, all HPD 911 operator, dispatcher, Police Communications Operators (PCO) and PCO Supervisors training materials and procedures relating to domestic violence calls.

Document Demand No. 20

For 2008 through 2013, all NCPD 911 operator, dispatcher, Police Communications Operators (PCO) and PCO Supervisors training materials and procedures relating to domestic violence calls.

Document Demand No. 21

The complete investigative file related to the death of Diane Parker-Reed, and shoot out between police and Leonard Reed on February 7, 2013, including any notes taken by the investigators and any photos or videos obtained from witnesses.

Document Demand No. 22

The complete investigative file from any internal review board or comparable body regarding the use of deadly force on February 7, 2013.

Document Demand No. 23

The complete investigative file from any internal review board or comparable body regarding the actions and omissions by HPD or NCPD officers from Nov 6, 2012 to February 7, 2013 pertaining to the death of Diane Parker Reed.

Document Demand No. 24

Please provide all police reports, including case reports and incident reports, associated with the address 415 S. Franklin Street, Hempstead, NY (a Shamrock gas station) from January 1, 2007 to February 7, 2013.

Document Demand No. 25

To the extent not already requested, please provide all case reports and incident reports associated with the address 25 Roosevelt Street, Hempstead, NY.

Document Demand No. 26

The subject matter list for all records kept by the NCPD pursuant to Public Officers Law §87 3(c).

Document Demand No. 27

Produce Page 1 of each Domestic Incident Report associated with all incidents/events between January 1, 2008 and December 31, 2013, which were referred to NCPD detective squads for investigation or arrest, from NCPD or other departments within in the County of Nassau. The documents produced should be redacted to remove personal identifying information of the caller and persons involved other than sex and race.

Document Demand No. 28

Where multiple DIR's are produced for the same Suspect, identify the Incident # and Complaint # for each DIR associated with the same Suspect.

Document Demand No. 29

All documents, reports, memos, evaluations and ESI supporting the defenses set forth in Village Defendants' Answer.

Document Demand No. 30

Produce all documents identified in response to Plaintiff's Demand for Interrogatories.

Dated:     New York, New York
           May 8, 2015

                              LASASSO LAW GROUP PLLC

                                  /S/
                              _____
                              By:    Mariel LaSasso, Esq.
                              80 Maiden Lane, Suite 2205
                              New York, New York 10038
                              (212) 421-6000
                              Attorneys for the Plaintiff

To:

    Michael Ferguson, Esq.
    Office of the Nassau County Attorney
    One West Street
    Mineola, New York 11501

    William J. Garry, Esq.
    Harris Beach PLLC
    The OMNI
    333 Earle Ovington Blvd., Suite 901
    Uniondale, New York 11553

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

N'Daya Lee, individually and as the Administratrix of
the Estate of Diane Parker-Reed,

                              Plaintiff,

      -against-

Incorporated Village of Hempstead, County of Nassau,
Sgt. Kevin Galvin, Claudia Serrano, Lt. Patrick Cooke,
Sgt. John Zoll, Lt. Edward Hayman, P.O. Vito
Buccellato, P.O. Christopher N. Cohen, Sgt. Ivory G.
Dixon, P.O. Jack Guevrekian, P.O. Edward P.
Mulhearn, P.O. Roman Pettway, Jr., P.O. Frane
Reado, P.O. Leroy D. Ridley, Det. Donald J. Bittner,
Deputy Sheriff John M. Flanagan, John and Jane Does
1-10, and  John and Jane Does  11-20,

                            Defendants.

**CERTIFICATE OF SERVICE**

**Docket No.: 14-CV- 2853**

       I hereby certify that on May 8, 2015, I caused PLAINTIFF'S FIRST REQUEST FOR
INTERROGATORIES AND DOCUMENT DEMANDS TO COUNTY OF NASSAU  and
PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES AND DOCUMENT DEMANDS
TO VILLAGE OF HEMPSTEAD each dated May 8, 2015 to be served upon the following
parties by First Class United States Mail, postage prepaid, addressed to:

     William J. Garry, Esq.
     Harris Beach PLLC
     The OMNI
     333 Earle Ovington Blvd., Suite 901
     Uniondale, New York 11553

     Michael Ferguson, Esq.
     Office of the Nassau County Attorney
     One West Street
     Mineola, New York 11501

Dated: New York, NY
       May 12, 2015

                          /S/

                     _____
                     Mariel LaSasso (ML9936)
                     LASASSO LAW GROUP PLLC
                     80 Maiden Lane, Suite 2205
                     New York, New York 10038